**SIGNED THIS: November 12, 2009**

_____
**MARY P. GORMAN**
**UNITED STATES BANKRUPTCY JUDGE**
_____

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In Re | ) | |
| | ) | In Bankruptcy |
| THEODORE G. STASSI and | ) | |
| ANGELA L. STASSI, | ) | Case No. 09-71563 |
| | ) | |
| Debtors. | ) | |

### O P I N I O N

Before the Court is a Motion for Relief from Confirmation Order filed by United Community Bank ("UCB"), an Illinois banking corporation. The issue raised by the Motion is essentially one of due process. The Motion suggests that, by the entry of the confirmation order in this case on July 13, 2009, UCB's property rights were taken without adequate notice and an opportunity to be heard. For the reasons set forth below, this Court finds that the notice sent to UCB of the Debtors' proposed Chapter 13 plan and the

-1-

treatment of UCB provided for therein was inadequate and not in compliance with the Bankruptcy Rules. The Motion for Relief from Confirmation Order will, therefore, be granted.

On May 21, 2009, Theodore G. Stassi and Angela L. Stassi ("Debtors") filed their Chapter 13 bankruptcy petition. On their schedules, Debtors listed their residence at 118 Sandstone, Chatham, Illinois as an asset with a value of $270,000. Debtors scheduled UCB as holding first and second mortgages on the residence. Debtors listed UCB's aggregate claim as $341,721 and, based on their valuation of the collateral, classified $71,721 of that claim as unsecured. The residence is also subject to a third mortgage, the treatment of which is not at issue here.[1]

Concurrently, Debtors filed their Chapter 13 Plan ("Plan"), in which they state in part as follows:

> Debtor [sic] indicates the Second Mortgage claim of United Community Bank is fully unsecured, as the value of the residence which is collateral for said claim, does not exceed the value of the first mortgage and associated cost. As such said Second Mortgage claim is fully

---

[1] The third mortgage is held by HFC, and the Debtors' Plan proposed to strip off HFC's lien using language identical to the proposed strip off of UCB's second mortgage. HFC has not requested any relief from the confirmation order, but it is obvious that service of the Plan on HFC was defective for the same reasons that service on UCB was defective. The Court notes that, after the initial hearing on UCB's Motion, Debtors' attorney served another copy of the Plan on HFC. However, the new service was not directed to any agent of HFC, was not sent by certified mail (which may or may not be necessary as it is unclear what type of entity HFC is), and did not include notice of any objection or hearing date. The purpose of the new service is, therefore, unclear.

>     unsecured and the claim of United Community Bank is void
>     with respect of 11 U.S.C. 506(d), and such security
>     interest is hereby stripped off upon discharge of
>     Debtor's [sic] Chapter 13 Case.  United Community Bank's
>     lien is stripped off with regard to the Second Mortgage
>     and United Community Bank will receive no payments
>     through Debtor's [sic] Plan with regard to the Second
>     Mortgage, except any payment which may be allowed as an
>     unsecured claim, and any security interest will be
>     stripped off and considered void.

Plan *at* pp. 1-2.

In their Plan, Debtors propose no modifications to the first mortgage and state their intent to make the first mortgage payments directly to UCB.

The Debtors' first meeting of creditors was scheduled for June 24, 2009, and the Plan was sent out to creditors on objection notice.  The first meeting was held as scheduled.  No objections to confirmation of the Plan were raised within the objection period and, on July 13, 2009, this Court entered an order confirming the Plan as filed.

On September 23, 2009, UCB filed its Motion for Relief from Confirmation Order.  UCB asserts that it did not receive notice of the filing of this case or of Debtors' proposed Chapter 13 Plan. UCB further states that it did not become aware of the bankruptcy filing and Plan confirmation until September 17, 2009, when, because of a payment default on Debtors' second mortgage, it made inquiry and was informed by the Debtors of their bankruptcy filing and the Plan confirmation.  Had it known of the filing, UCB states that it would have objected to its treatment under the Plan because

UCB believes that the fair market value of the Debtors' residence is approximately $380,000, not the $270,000 which the Debtors scheduled.

Numerous courts have held that wholly unsecured junior liens on a debtor's residence may be stripped off in Chapter 13 cases. *See, e.g.*, In re Waters, 276 B.R. 879 (Bankr. N.D. Ill. 2002); In re King, 290 B.R. 641 (Bankr. C.D. Ill. 2003); In re Bennett, 312 B.R. 843 (Bankr. W.D. Ky. 2004).  The strip off and avoidance of wholly unsecured junior liens is based on §506 of the Bankruptcy Code.  11 U.S.C. §506;  Waters, 276 B.R. *at* 888; King, 290 B.R. *at* 648.

Courts differ on the proper procedure to be followed to effectuate a lien strip off.  The majority of courts hold that lien strip offs are contested matters and, therefore, may be raised by motion or included within the provisions of a proposed Chapter 13 plan.  *See, e.g.*, In re Millspaugh, 302 B.R. 90, 98 (Bankr. D. Idaho 2003); In re Pereira, 394 B.R. 501, 504-05 (Bankr. S.D. Cal. 2008); King, 290 B.R. *at* 648-49; Bennett, 312 B.R. *at* 847-48.  A recent decision from the Northern District of Illinois, however, holds that the filing of an adversary complaint is required to strip off a wholly unsecured junior lien.  *See* In re Forrest, 410 B.R. 816, 819 (Bankr. N.D. Ill. 2009).

This Court has previously followed King and the majority of courts which do not require an adversary complaint to strip off a

wholly unsecured junior lien and will continue to do so.  Such matters are contested matters and may be brought by motion or included within the terms of a proposed Chapter 13 plan.  An adversary complaint is not required.  Nevertheless, service of the Plan or motion which proposes a lien strip off must be made in the same manner as service of an adversary complaint.  The Rules require the same heightened service for pleadings in contested matters as is required for adversary complaints, and it is the failure of the Debtors here to provide that heightened notice that requires this Court to grant the relief requested by UCB.

Bankruptcy Rule 9014 states that service in contested matters must be made under the same standards required for adversary proceedings as set forth in Rule 7004.  Fed.R.Bankr.P. 9014(b).  Rule 7004(b)(3) provides that service on a corporation must be made to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or law to receive service of process.  Fed.R.Bankr.P. 7004(b)(3).  Rule 7004(h) states that, absent exceptions not relevant here, service on an insured depository institution shall be made by certified mail addressed to an officer of the institution.  Fed.R.Bankr.P. 7004(h).

The docket in this case indicates that service of the Debtors' Plan was made on UCB by regular mail at a branch of the bank located in Chatham, Illinois.  The service was made by the Clerk of Court through the Bankruptcy Noticing Center ("BNC").  The mailing

to UCB was not directed to any officer or agent of UCB and was not made by certified mail.  Although the Debtors object to granting the relief requested by UCB, they have provided no evidence that UCB was served in accordance with the Rules.

The burden is on a debtor to ensure that all creditors have been properly notified, and that the notice is sufficient to satisfy requirements of due process.  In re Anderson, 159 B.R. 830, 837-38 (Bankr. N.D. Ill. 1993).  Where notice to the creditor is inadequate, secured property will still vest in the debtor upon confirmation as provided by §1327(b), but will remain subject to the unavoided lien rather than vesting "free and clear" as permitted by §1327(c).  Millspaugh, 302 B.R. *at* 99-100, *citing* In re Zimmerman, 276 B.R. 598, 603 (Bankr. C.D. Ill. 2001).  Debtors who propose to strip off wholly unsecured liens as part of a Chapter 13 confirmation process are responsible for ensuring that the creditor whose lien is to be stripped receives notice of the plan provisions, related motions, and the dates set for objections and hearings in a manner which fully complies with the Rules.  *See* In re Nowling, 279 B.R. 607, 610 (Bankr. S.D. Fla. 2002); Bennett 312 B.R. *at* 850; Millspaugh, 302 B.R. *at* 102.

In the Central District of Illinois, the Clerk of Court sets objection and hearing dates and, with some limited exceptions, is responsible for sending notices of such dates to the creditors and parties in interest listed on the case mailing matrix.  The Clerk

-6-

of Court generally utilizes the BNC for mailing services.  The BNC serves mail by regular first class.  Thus, in cases where heightened notice is required and mail must be directed to a specific person or entity not listed on the matrix, or must be sent by certified mail, the service effectuated by the BNC will be inadequate to comply with the Rules.  In such a case, the debtor must serve the pleading in question along with the Clerk's notice of the objection or hearing date on the creditor in a manner that fully complies with the Rules.  The debtor must then also file a certificate of service evidencing that proper service has been made.

Neither the Court nor the Clerk of Court can review every proposed Chapter 13 plan to determine if heightened service is required and has been made.  Attorneys are responsible for knowing and following the Rules and should be cognizant of when heightened service is required.[2]

---

[2] This case deals specifically with the issues of lien stripping and plan confirmation.  However, the Rules regarding service of pleadings in contested matters control service on a wide range of matters which regularly come before the Court.  Heightened service is frequently required.  This Court has consistently reviewed certificates of service on motions seeking to avoid judgment liens on real estate and has consistently refused to sign orders on such motions absent proof of proper service.  This Court cannot, however, review the service of every pleading filed and, therefore, the burden remains on parties and their attorneys to make sure that all pleadings and notices are properly served.  The requirement to make additional service when BNC service is inadequate pertains not just to the issues of lien stripping and plan confirmation raised in this case, but to all contested matters where heightened service is required by the Rules.

For the reasons set forth above, this Court finds that service of the Debtors' Plan on UCB did not comply with Rule 7004 and, therefore, the terms of the Plan cannot bind UCB.  The confirmation order entered July 13, 2009, will be vacated and further proceedings will be held regarding confirmation of the Plan.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

###